IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 17-22449-JAD |
| RYAN J. YOUNG, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | X | |
| | ) | |
| RYAN J. YOUNG, | ) | Related to ECF#'s 59, 60 & 65 |
| | ) | |
| Movant, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| No Respondent, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | X | |

## MEMORANDUM OPINION

On June 5, 2018, the above captioned debtor filed a *Motion to Reopen Chapter 7 Case* (the "Motion to Re-Open"), whereby the debtor sought to have this bankruptcy case re-opened in order to file and prosecute a motion to avoid a lien.

The Motion to Re-Open was met with a response in the nature of an objection by the debtor's former counsel (who is the creditor asserting the putative lien) and by a response of the Beaver County Tax Claim Bureau.

The hearing on the Motion to Re-Open was self-scheduled by debtor's counsel, with the hearing date being July 17, 2018 at 10:00 a.m.

At the July 17, 2018 hearing counsel for the responding parties appeared, but neither the debtor nor counsel for the debtor appeared. Not only was there a non-appearance by debtor's counsel, no one filed a request to continue the

hearing on the Motion to Re-Open.

In short, no one appeared at the July 17, 2018 Hearing to argue the merits of the Motion to Re-Open and the Court does not know whether sufficient "cause" exists to reopen this case pursuant to 11 U.S.C. § 350(b).

Inasmuch as the moving party bears the burden of proving the merits of a motion to re-open, In re Janssen, 396 B.R. 624, 634 (Bankr. E.D. Pa. 2008)(citing In re Otto, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004)), the movant has not carried his burden. As a result, it appears that the Motion to Re-Open should be denied on this basis.

However, denial will be without prejudice. That is, the Court prefers to hear and decide things on the merits. Cf. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)(stating standards by which cases are dismissed "with prejudice" for failure to adhere to scheduling orders).

As such, the Motion to Reopen shall be denied without prejudice to the movant (a) demonstrating good "cause" of missing the above referenced hearing, and (b) proving "cause" for re-opening this case pursuant to 11 U.S.C. § 350(b) and applicable case law (see, e.g. In re Zinchiak, 406 F.3d 214, 223 (3d Cir. 2005); In re Lazy Days' RV Ctr, Inc., 724 F.3d 418, 423 (3d Cir. 2013); Redmond v. Fifth Third Bank, 624 F.3d 793, 803 (7th Cir. 2010) and In re Frazer/Exton Dev. L.P., 503 B.R. 620, 635 (Bankr. E.D. Pa. 2013).

Of course, this does not mean that the debtor is required to file such a motion, for after all the debtor may have very well decided to abandon his effort

at re-opening this bankruptcy case.[1] The Court, however, does not know the debtor/movant's intentions.

As a result, and order shall be entered in the instant case that denies the Motion to Re-Open without prejudice.

Inasmuch as the Motion to Re-Open is being denied without prejudice, the related motions to avoid liens filed by the debtor are also denied without prejudice. The Court does so because (absent re-opening of the bankruptcy case) the Court is without the requisite subject matter jurisdiction to hear and decide the lien avoidance motions.

In addition, since there must eventually be finality to matters such as these, further relief is warranted pursuant to 11 U.S.C. § 105(a). That is, to the extent the debtor desires to pursue the Motion to Re-Open and related lien avoidance motions, they should be filed by no later than July 31, 2018.

An appropriate order shall be entered.

Dated: July 17, 2018

_____
Jeffery A. Deller
Chief U.S. Bankruptcy Judge

cc:   David J. Graban, Esq.
      Donald Calaiaro, Esq.
      Richard Alsko, Esq.

FILED
7/17/18 2:24 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

---

[1] For example, counsel for former counsel to the debtor suggested that the debtor may not have standing to pursue lien avoidance. The Court offers no opinion on the matter as the record has not been developed.